ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 05-40032-06-JAR |
| ) | |
| **LUIS MONTANO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pretrial motions filed by defendant Luis Montano. On August 29, 2005, the Court held a motions hearing on a number of pending motions in the case, including the following motions filed by defendant Montano: (1) Motion for Discovery (Doc. 66); (2) Motion to Strike Alias (Doc. 67); (3) Motion for Discovery Related to Drug Detection Dog (Doc. 65); and (4) Motion to Suppress (Doc. 68). At the evidentiary hearing, counsel for both defendant and the government represented that the first three motions listed above had been satisfied, or the government had no objection. Therefore, the Court orally granted those motions. The Court then took under advisement defendant Montano's Motion to Suppress (Doc. 68). The Court has reviewed the briefs and heard evidence on this motion and is now prepared to rule. The Court denies defendant Montano's Motion to Suppress as described more fully below.

## I. Background

Guymon, Oklahoma police officers suspected three Chevrolet Impalas with Arizona license

plates were traveling together late in the evening on March 6, 2005. Officer Kirk Romesburg was patrolling that night when he observed the three Impalas- one white, one blue and one black- fueling at a service station. Thereafter, Officer Romesburg followed the vehicles to an intersection near Highway 54 while he checked all three license tag numbers through police dispatch. Dispatch advised him that the license tag number on the white Impala was expired, although it displayed a 2005 sticker. Officer Romesburg stopped the white Impala because dispatch indicated that had an expired tag. Defendant Montano was driving the white Impala; defendants Felix and Guiterrez-Ceballos were passengers along with a juvenile, who is not a party to this action. Officer Romesburg asked Montano for his driver's license and registration. Defendant Montano did not produce a driver's license, but provided Officer Romesburg with his name and date of birth. By conducting a computer check of this information, Officer Romesburg discovered that Montano's driver's license was suspended.

Officer Romesburg then asked Montano for consent to search the white Impala. All of the occupants provided consent to search the vehicle and Officer Romesburg found approximately 4.6 grams of marijuana under the rear driver's seat–an amount that generally relates to personal use. Montano was then arrested for driving with a suspended license and for possession of the marijuana found in the vehicle.

After his arrest, Montano and the other passengers were interviewed by Javier Gonzales, a narcotics agent. After being *Mirandized*, Montano indicated that the marijuana found in the small car belonged to the juvenile and that they smoked some of the marijuana together about one hour prior to the traffic stop. Montano stated that he was unaware that the marijuana was in the vehicle until that time. He also advised that he was not sure whether the blue Impala contained drugs, but he knew that

he was supposed to follow it.

## II. Discussion

Defendant Montano argues that Officer Romesburg lacked reasonable suspicion of a traffic infraction, so the stop was not justified at its inception. Defendant Montano also claims that any statements made after his arrest were fruit of an unlawful search. The government states that the stop was justified at its inception because the license tag was expired.

"'A traffic stop is a "seizure" within the meaning of the Fourth Amendment, even though the purpose of the stop is limited and the resulting detention quite brief.'"[1] The principles of *Terry v. Ohio*[2] apply to such traffic stops. Thus, the reasonableness of a stop depends on "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place."[3] Tenth Circuit cases establish that "a detaining officer must have an objectively reasonable articulable suspicion that a traffic violation has occurred or is occurring before stopping [an] automobile."[4]

Officer Romesburg was able to articulate a reasonable suspicion that Montano was driving with an expired tag, which is a traffic violation. He ran defendant Montano's tag number through the police dispatch database, which indicated that it was expired. Although defendant established that information

---

[1] *United States v. Holt*, 264 F.3d 1215, 1220 (10th Cir. 2001) (en banc) (quoting *United States v. Hunnicutt*, 135 F.3d 1345, 1348 (10th Cir. 1998) (further quotation omitted)).

[2] 392 U.S. 1 (1968).

[3] *Id.* at 19-20.

[4] *United States v. Cervine*, 347 F.3d 865, 869 (10th Cir. 2003); *United States v. Soto*, 988 F.2d 1548, 1554 (10th Cir. 1993).

through police dispatch could have been wrong, defendant is unable to cite any law in support of the proposition that the tag must ultimately be found to be expired to justify the initial stop.  Upon his reasonable, articulable suspicion that the tag was expired, Officer Romesburg stopped Montano's vehicle and asked for his license and registration, which was within the scope of the purpose of the stop.  Because the Court finds that the traffic stop was justified at its inception, there is no need to conduct an analysis of whether defendant Montano's subsequent statements to law enforcement were fruit of an unlawful search.

**IT IS THEREFORE ORDERED BY THE COURT**:

(1)  that defendant Montano's Motion for Discovery (Doc. 66) is **GRANTED**;

(2)  that defendant Montano's Motion to Strike Alias (Doc. 67) is **GRANTED**; and

(3) that defendant Montano's Motion for Discovery Related to Drug Detection Dog (Doc. 65) is **GRANTED**.

**IT IS FURTHER ORDERED BY THE COURT** that defendant Montano's Motion to Suppress (Doc. 68) is **DENIED**.

IT IS SO ORDERED.

Dated this  11th   day of October 2005.


     S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**